IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 09-cr-00053-CMA

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

SHUN LAMAR BIRCH,

　　Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR COMPOSITION OF THE RECORD

This matter is before the Court upon Defendant Shun Lamar Birch's Motion for Composition of the Record. (Doc. # 122.) For the reasons described herein, the Court denies Defendant's Motion.

### I.　BACKGROUND

A federal grand jury indicted Defendant on two counts of violation 18 U.S.C § 922(g)(1) on January 29, 2009. (Doc. # 1.) Both counts arose out of a single search of Defendant's home, during which law enforcement discovered multiple firearms and ammunition. *See* (*id.*) After a three-day trial, a jury found Defendant guilty of both counts on November 19, 2019. *See* (Doc. # 73.) Prior to sentencing, the Court dismissed Count 2 of the Indictment upon the Government's motion. (Doc. ## 84, 100.) United States Judge Wiley Y. Daniel subsequently sentenced Defendant to sixty months in the custody of the U.S. Bureau of Prisons. (Doc. # 102.)

Defendant appealed the Court's pre-trial denial of his motion to suppress to the Court of Appeals for the Tenth Circuit on March 29, 2010.  (Doc. # 103.)  The Court of the Appeals affirmed the judgment of the Court that the good faith exception to the exclusionary rule applied to the search warrant Defendant challenged and thus denied Defendant's appeal.  (Doc. # 120.)

This matter was dormant for more than eight years, until Defendant, proceeding *pro se*, filed the instant Motion for Composition of the Record on April 18, 2019.  (Doc. # 122.)  Defendant seeks to have produced to him discovery, transcripts, and other trial documents pursuant to 28 U.S.C. § 753(f) so that he may seek relief pursuant to 28 U.S.C. § 2255.  (*Id.*)  The Government responded in opposition to Defendant's request on May 17, 2019.  (Doc. # 130.)

## II.    ANALYSIS

28 U.S.C. § 753(f) provides, in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).  Stated differently, under Section 753(f), "an indigent defendant is entitled to have the [G]overnment pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993); *see United States v. MacCollom*, 426 U.S. 317 (1976) (plurality opinion) (upholding the constitutionality of this provision).  Accordingly,

whether Defendant is entitled to the relief he requests depends on whether he has satisfied the requirements of Section 753(f).

Defendant fails to demonstrate that that his contemplated Section 2255 suit is not frivolous and that there is a particularized need for the transcript to decide that suit. *See Sistrunk*, 992 F.2d at 259; *MacCollon*, 426 U.S. at 328. He merely asserts that "[a][c]omposition of the record is required to determine several meritorious issues of whether [trial] counsel Frank Moya was ineffective during his representation . . . and [of] a[n] insufficiency of evidence claim." (Doc. # 122 at 1–2.) Defendant does not provide any factual allegations to support his claims. Such conclusory allegations, without more, do not satisfy the requirements of Section 753(f). *See Sistrunk*, 992 F.2d at 259 (finding that a defendant's conclusory assertions of ineffective assistance of counsel did not satisfy Section 753(f)'s requirements).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Composition of the Record (Doc. # 122).

DATED: June 3, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge